STROHEIM & ROMANN *v.* UNITED STATES (NO. 4019) [1]

United States Court of Customs and Patent Appeals, December 21, 1936

*Allan R. Brown* and *Fred J. Carter* (*Eugene F. Blauvelt* of counsel) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Charles J. Miville* and *James F. Donnelly*, special attorneys, of counsel), for the United States.

[Oral argument December 8, 1936, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court overruling the protest of the appellant against the classification of certain woven fabrics imported by the appellant at the port of New York.

The fabrics in question were composed of wool and silk, silk being of chief value, and contained more than 17 per centum of wool. They were classified for duty by the collector at the appropriate rates under paragraphs 1205 and 1109, by virtue of paragraph 1122, of the Tariff Act of 1930. They were claimed to be dutiable, as stated by the protest, as follows:

\* \* \* In so doing you have assessed too great a duty under the wool schedule, Schedule 11. The fabric is not dutiable under that schedule. The amount of duty on the fabric computed under that schedule is nothing. The proportion of the amount of the duty on the fabric computed under that schedule which the amount of the wool bears to the entire weight is nothing. You should assess only that proportion of the amount of duty on the fabric computed as if Par. 1122

[1] T. D. 48738.

had not been enacted which the weight of the component materials other than wool bears to the entire weight. In any event it is further and alternatively claimed that the rate of duty applicable to the wool portion is only 50% ad val. under Par. 1120 of said act.

They were alternatively claimed to be entitled to "at least a reduction of 20 per centum of the rates of duty provided by the Tariff Act of 1930 or Presidential Proclamation thereunder," by virtue of a commercial treaty with the country of exportation, namely, Italy. However, no attention was paid to that feature by counsel during the hearing in the court below, or here, and it will not be considered here.

The material paragraphs are as follows:

PAR. 1122. Fabrics (except printing-machine cylinder lapping in chief value of flax), in the piece or otherwise, containing 17 per centum or more in weight of wool, but not in chief value thereof, and whether or not more specifically provided for, shall be dutiable as follows:

That proportion of the amount of the duty on the fabric, computed under this schedule, which the amount of wool bears to the entire weight, plus that proportion of the amount of the duty on the fabric, computed as if this paragraph had not been enacted, which the weight of the component materials other than wool bears to the entire weight.

PAR. 1109. (a) Woven fabrics, weighing more than four ounces per square yard, wholly or in chief value of wool, valued at not more than $1.25 per pound, 50 cents per pound and 50 per centum ad valorem; valued at more than $1.25 but not more than $2 per pound, 50 cents per pound and 55 per centum ad valorem; valued at more than $2 per pound, 50 cents per pound and 60 per centum ad valorem.

    \*        \*   ·  \*      \*      \*      \*      \*

PAR. 1205. Woven fabrics in the piece, wholly or in chief value of silk, not specially provided for, 55·per centum ad valorem; woven fabrics in the piece, not exceeding thirty inches in width, whether woven with fast or split edges, wholly or in chief value of silk, including umbrella silk or Gloria cloth, 60 per centum ad valorem; any of the foregoing, if Jacquard-figured, 65 per centum ad valorem.

PAR. 1120. All manufactures, wholly or in chief value of wool, not specially provided for, 50 per centum ad valorem.

The record establishes that the material imported is Jacquard woven, and is a fabric made of wool, cotton, and silk. Thirty-six per centum of the fabric, by weight, is wool. The warp of the material is all silk.

The argument is made by counsel for the importer that the portion of paragraph 1122 which directs that a part of the duty be assessed on this fabric under the wool schedule, cannot be properly administered by an assessment, as in this case, under paragraph 1109 (a), because paragraph 1109 (a) refers to a fabric "wholly or in chief value of wool", and that, therefore, this fabric, being not wholly or in chief value of wool, cannot be assessed thereunder. In other words, it is argued that there is no provision under the wool schedule where a

fabric of this character can be properly assessed. and that. therefore, there is no dutiable character to the wool content under this schedule. As to this, the trial court said:

The plaintiffs contend that the duty on the fabric when computed under the wool schedule is nothing, because the fabric is in chief value of silk, and under the act of 1930 there is no provision for fabrics in part of wool, but not in chief value of wool. Therefore, the plaintiffs claim duty should only be assessed at 65 per centum ad valorem on 64 per centum of the fabric and on the remaining 36 per centum of the fabric no duty should be taken. In the alternative the plaintiffs claim, if duty must be taken on the wool portion, the duty on the wool must be figured at only 50 per centum ad valorem under paragraph 1120 covering manufactures in chief value of wool because said wool portion by itself is not a fabric at all. The plaintiffs contend that the literal language of the statute compels one or the other of these alternative claims be sustained.

We are unable so to construe the literal effect of paragraph 1122. On the contrary, as we read it, it conveys the clear purpose of dividing a fabric of this kind for the purpose of tariff taxation by taxing the wool portion thereof as if it were a separate fabric at the rate a wool fabric of the same kind would have paid, in spite of the whole being in chief value of silk, and taxing the remainder of the fabric under the silk schedule, as the collector has applied it, or under whatever schedule happened to apply to the remainder.

This states the proposition plainly, and is, to our minds, the proper view. Little can be said to add to it.

Obviously, if the contention argued for by the appellant here is correct, the Congress was attempting not to make dutiable the wool content in mixed fabrics, but to remove a part of the duty on such fabrics. If there were any doubt about the matter, it would be removed entirely by a contemplation of the legislative history of this provision. As the bill was introduced in the House of Representatives and in the Senate, it contained no paragraph 1122. This, however, was added by amendment in the Senate, when the bill was being considered in the Committee of the Whole, by the joint efforts of several senators, including the chairman of the Finance Committee having the bill in charge. The final form of the amendment was offered by Senator Smoot, and was then adopted and became a part of the law.

A reading of the debates and of the suggestions made by the chairman of the committee, at the time the bill was being considered by the Senate, discloses that the reason for the amendment was the increased imports which were coming into the United States from foreign countries of such mixed goods, whereby a large proportion of wool was coming into the country and evading the payment of duty as such wool. The debates are found as follows: Congressional Record, vol. 72, part 4, pp. 4153–4155; Congressional Record, vol. 72, part 5, pp. 5180–5190; Congressional Record, vol. 72, part 6, pp. 5895–5898. The object of this amendment was to make such wool content dutiable as such.

Counsel for appellant make an alternative claim, which is not seriously pressed here, that the imported fabrics in any event cannot be classified under paragraph 1109, but, if classified at all, should be classified under paragraph 1120, which provides for manufactures of wool. If the argument made by counsel for appellant on the other branch of the case is correct, that the material cannot go into paragraph 1109, because fabrics thereunder classified must be *wholly or in chief value of wool*, the same argument would prevent their inclusion in paragraph 1120, which also provides for manufactures *wholly or in chief value of wool*.

To hold as counsel for the appellant contends would tend to create such an anomaly as is mentioned in *H. A. Caesar & Co.* v. *United States*, 24 C. C. P. A. (Customs) 136, T. D. 48608. Such anomalies are to be avoided, if possible.

The judgment of the United States Customs Court is *affirmed*.